DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| LEON A. COLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KMART CORPORATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 2012-098 |

**Attorneys:**
**Yohana M. Manning, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Stephanie L. Adler, Esq.,**
Orlando, FL
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant's February 6, 2013 Motion to Strike Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. No. 6), and Plaintiff's "Opposition to Motion to Strike" (Dkt. No. 12). In its Motion, Defendant seeks to have Plaintiff's Opposition stricken and not considered by the Court, on the grounds that Plaintiff filed his Opposition six days late without seeking or obtaining leave of Court. *Id.* at 1–2.

Defendant cites to *McDonald v. Davis*, Civil No. 2004-93, 2009 WL 580456 (D.V.I. Mar. 5, 2009)—a case in which Plaintiff twice moved for extensions of time, missed two deadlines, and ultimately filed his opposition 43 days late—for the proposition that "a litigant is [not] at liberty to file a document on a date of his choosing rather than the date by which the Court unequivocally

orders the document to be filed." *Id.* at *1 n.4. In that case, the Court "admonishe[d] McDonald, as it does all litigants, to hew strictly to this Court's orders." *Id.* (citing *Garza v. Allstate Tex. Lloyd's Co.*, 284 F. App'x 110, 113 (5th Cir. 2008).

Plaintiff asks the Court to consider his Opposition to the Motion to Dismiss, submitting that the delay was a product of his excusable neglect. (Dkt. No. 12 at 1). Plaintiff notes that around the same time as the due date for the Opposition to the Motion to Dismiss (January 22, 2013), his counsel was summarizing transcripts in a Virgin Islands Supreme Court appeal in a first-degree murder case that involved more than 2,000 pages of transcripts. (*Id.* at 2). According to Plaintiff, his counsel's laptop crashed on or around January 18, 2013, and counsel has been unable to retrieve the data and legal calendaring system from that laptop. (*Id.*). As a result, "Counsel thereafter inadvertently missed the deadline to file his opposition." (*Id.*).

Pursuant to Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The burden of demonstrating good cause and/or excusable neglect falls on the untimely party. *Acosta v. Hovensa, LLC*, Civ. No. 2008–089, 2012 WL 3887057 at *3 (D.V.I. Sept. 7, 2012). "Excusable neglect is a broad inquiry and 'determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *Clarke v. Marriott International, Inc.*, 2012 WL 2285188, at *2 (D.V.I. June 18, 2012) (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir.1999)).

Courts consider four factors in determining whether an extension should be granted based on excusable neglect: (1) "the danger of prejudice to the [other party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including

whether it was within the reasonable control of [the untimely party]"; and (4) "whether the [untimely party] acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Drippe v. Tobelinski*, 604 F.3d 778, 784–85 (3d Cir. 2010) (applying the four *Pioneer* factors to a Rule 6(b)(1)(B) motion); *Glasgow v. Veolia Water N. Am. Operating Services LLC*, Civ. No. 2009–019, 2011 WL 3471963 at *3 (D.V.I. Aug. 5, 2011). In addition to the four *Pioneer* factors, courts may also consider other factors, such as "the procedural circumstances surrounding the extension request and the repercussions of not granting relief." *Glasgow*, 2011 WL 3471963 at *3.

As a preliminary matter, the Court reiterates the importance that it places on adherence by the parties to deadlines set, and procedures established, by the Federal and Local Rules and Orders of the Court. The Court does not look with favor on unexcused or inexcusable violations of the applicable Rules or its Orders. Nor does the Court look favorably on tardy submissions filed without even seeking, let alone obtaining, leave of Court.[1] Under the circumstances here, however, the Court concludes that the *Pioneer* factors weigh in favor of a finding of excusable neglect.

Here, Defendant has not shown any prejudice as a result of the tardiness of Plaintiff's filing. *See Gautier-James v. Hovensa, L.L.C.*, Civil Action No. 2006–106, 2012 WL 113777 at *2 and *2 n.2 (D.V.I. Jan. 13, 2012). Moreover, the length of the delay—six days—and the potential impact on judicial proceedings are minimal. *See id.* Plaintiff states that his counsel's laptop crashed four days before the deadline, resulting in a loss of data and counsel's legal calendaring system. (Dkt. No. 12 at 1). The Court finds that this circumstance was not within

---

[1] The Court notes, with disfavor, that Plaintiff never filed a motion under Rule 6(b)(1) of the Federal Rules of Civil Procedure, but waited until after Defendant filed its Motion to Strike to oppose that Motion with a plea of excusable neglect.

Plaintiff's "reasonable control." *See Pioneer*, 507 U.S. at 395. Finally, the Court finds no evidence that Plaintiff did not act in good faith. *See id.* Therefore, under these particular facts and circumstances, the Court finds that all four *Pioneer* factors weigh in favor of a finding of excusable neglect. Accordingly, the Court will deny Defendant's Motion and consider the merits of Plaintiff's Opposition to Defendant's Motion to Dismiss.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Strike Plaintiff's Opposition to Defendant's Motion to Dismiss is **DENIED**; and it is further

**ORDERED** that Defendant shall have up to and including **April 1, 2013** to file a Reply to Plaintiff's Opposition.

**SO ORDERED.**

Date: March 19, 2013 _____/s/_____
                                                            WILMA A. LEWIS
                                                            District Judge